UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| APRIL WYATT, ) | CASE NO. 5:10 CV 0443 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| BRANDY MYERS, ) | AND ORDER |
| ) | |
| Defendant. ) | |

Before the court is pro se plaintiff April Wyatt's in forma pauperis action against Brandy Myers, Human Resources Manager at TJX Company. Ms. Wyatt alleges Ms. Myers violated her right to equal treatment. She does not state a request for relief.

*Background*

The complaint is comprised of four sentences. Three of these sentences are allegations without any factual support for the conclusions. Ms. Wyatt alleges she was treated differently than other employees, her right to "fair treatment" was violated, and she was

"discriminated with younger employees." (Compl.) She claims TJX supported Ms. Myers. In closing, Ms. Wyatt writes: "Since my back injury 2005-2010." Id. A copy of a Notice of Right to Sue from the Equal Employment Opportunity Commission(E.E.O.C.) is attached to the complaint. Ms. Wyatt timely filed this complaint from the date of the E.E.O.C. Notice.

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

*Failure to State a Claim*

Ms. Wyatt does not cite any jurisdictional basis for her allegations of discrimination. Without question, federal law protects employees from discrimination based on age, gender, race and disability. See e.g. 29 U.S.C. § 626; 42 U.S.C. §2000e; 42 U.S.C. § 12112. What the law cannot do, however, is create a case without a factual basis upon which to make the claim. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989)(generous construction of pro se pleadings is not without limits). It is not sufficient to sustain jurisdiction when a pleading merely asserts that the conduct complained of violates the plaintiff's constitutional rights. A complaint must set forth facts from which the court can see that such rights have been violated. There must be a 'federal question, not in mere form, but in substance, and not in mere assertion, but in essence and effect.' Cuyahoga River

Power Co. v. Northern Ohio T. & L. Co., 252 U.S. 388, 397(1920).

Here, Ms. Wyatt does not give the court the benefit of citing any federal statute the defendant has allegedly violated. Under Federal Rule of Civil Procedure 8, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. Id. It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id.

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " Id. There are no facts alleged in the complaint which state a plausible federal claim for relief against Brandy Myers.

*Conclusion*

The request to proceed in forma pauperis is granted and the complaint is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an

3

appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

*/s/ Donald C. Nugent 7/15/10*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

4